Bradley L. Booke #2662
LAW OFFICE OF BRADLEY L. BOOKE
10161 Park Run Drive #150
Las Vegas, Nevada 89145
702-241-1631
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JESSE CASTILLO, <br><br> Plaintiff, <br><br> -vs- <br><br> THE PATRIOT LAW FIRM CORPORATION, a Nevada corporation; ATKINSON, WATKINS & HOFFMAN, LLP dba BATTLE BORN INJURY LAWYERS, a Nevada limited liability partnership; ROE CORPORATIONS 1-10; and JOHN DOES 11-20, <br><br> Defendants. | Case No. 23-cv-1619 <br><br> **COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201, et seq.** |

Plaintiff, through counsel, for his cause of action, alleges as follows:

NATURE OF CASE

This case concerns a dispute over the amount of attorney's fees and costs that may permissibly be charged to a paraplegic plaintiff under Nevada law following a settlement in a medical malpractice case. Plaintiff Jesse Castillo is a resident of Kingman, Arizona. The defendants are two Nevada law firms. The cause of action arose at a Las Vegas hospital. The case was litigated and settled in the District Court of Clark County. The dispute involves application of Nevada statutory law to fee agreements drafted by the defendant law firms.

PARTIES

1. Plaintiff Jesse Castillo ("Mr. Castillo") is a citizen and resident of Kingman, Mohave County, Arizona.

-1-

2. Defendant THE PATRIOT LAW FIRM CORPORATION ("PLFC") is a Nevada corporation and a law firm that is doing business, and has been doing business at all times relevant to this complaint, in Clark County, Nevada.

3. Defendant ATKINSON, WATKINS & HOFFMAN, LLP dba BATTLE BORN INJURY LAWYERS ("AWH") is a Nevada limited liability partnership and a law firm that is doing business, and has been doing business at all times relevant to this complaint, in Clark County, Nevada.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between Jesse Castillo, who is a citizen of Arizona, and the defendants, that are citizens of Nevada.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that both defendants reside in the District of Nevada and a substantial part of the events giving rise to the subject of the action occurred in the District of Nevada.

## FACTS

6. Mr. Castillo asserted claims against certain providers of health care in Clark County, Nevada for acts and omissions constituting professional negligence that occurred on or about September 1, 2019 at a hospital in Las Vegas.

7. The acts and omissions of professional negligence by the accused providers of health care left Mr. Castillo paraplegic.

8. In early 2020, Mr. Castillo sought to retain Defendant PLFC to serve as his attorney to prosecute claims for professional negligence against those providers of health care whose acts and omissions were believed to have caused Mr. Castillo to become paraplegic.

9. On or about April 17, 2020, Defendant PLFC presented a contingency fee contract to Mr. Castillo and Mr. Castillo signed the contract on April 23, 2020.

10. It is unknown when, if at all, Defendant PLFC signed the contingency fee contract that Mr. Castillo had signed, although, in late September 2023, after the dispute that is the subject

of this action had arisen, Defendant PLFC produced a copy of the contingency fee contract bearing a signature of Defendant PLFC dated April 16, 2020.

11. At the time Defendant PLFC produced a copy of the contingency fee contract to Mr. Castillo and Mr. Castillo signed the contingency fee contract, there was in force and effect Nevada Revised Statute 7.095, which provided as follows:

> 1. An attorney shall not contract for or collect a fee contingent on the amount of recovery for representing a person seeking damages in connection with an action for injury or death against a provider of health care based upon professional negligence in excess of:
>
> (a) Forty percent of the first $50,000 recovered;
>
> (b) Thirty-three and one-third percent of the next $50,000 recovered;
>
> (c) Twenty-five percent of the next $500,000 recovered; and
>
> (d) Fifteen percent of the amount of recovery that exceeds $600,000.
>
> 2. The limitations set forth in subsection 1 apply to all forms of recovery, including, without limitation, settlement, arbitration and judgment.
>
> 3. For the purposes of this section, "recovered" means the net sum recovered by the plaintiff after deducting any disbursements or costs incurred in connection with the prosecution or settlement of the claim. Costs of medical care incurred by the plaintiff and general and administrative expenses incurred by the office of the attorney are not deductible disbursements or costs.

12. The contingency fee agreement presented by Defendant PLFC to Mr. Castillo provided, in part:

> **2.      Attorney shall be paid the greater of: <u>a) 33.3% of any money recovered in this matter if settled before filing a lawsuit. or b) 40% of the settlement/verdict if the matter is settled after a lawsuit is filed. 45% if settled within 45 days of trial and 50% if any appeal is involved. The fee percentage is calculated prior to any deductions for attorneys Costs</u>.** [sic]

13. On August 17, 2020, the State Bar of Nevada issued a ruling in a disciplinary proceeding finding that the provisions of N.R.S. § 7.095 could not be waived and that a

contingency fee contract providing for a greater fee violated Rule 1.5 of the Rules of Professional Conduct applicable to attorneys practicing in Nevada.

14. On or about October 5, 2022, Defendant PLFC or Defendant AWH, or both, presented an "ADDENDUM TO MEDICAL MALPRACTICE FEE AGREEMENT" and Mr. Castillo signed the contract, which provides, in part:

**ADDENDUM TO MEDICAL MALPRACTICE FEE AGREEMENT**

**THE FEE PROVISION SET FORTH IN THE FOREGOING CONTRACT WILL BE APPLICABLE UNLESS THE STATUTES CURRENTLY GOVERNING MEDICAL MALPRACTICE FEES ARE UPHELD BY THE NEVADA SUPREME COURT OR THE UNITED STATES FEDERAL COURTS AND IT IS DETERMINED TBAT ITS PROVISIONS CONCERNING FEES CANNOT BE WAIVED.**

**THE UNDERSIGNED, AFTER FULL EXPLANATION, IS VOLUNTARILY WAIVING THE RECENTLY REVISED NEVADA STATUTES GOVERNING MEDICAL MALPRACTICE CASES IN ENVADA, SPECIFICALLY, N.R.S. 7.095 AS IT APPLIES TO ATTORNEYS' FEES.**

**IN THE EVENT THAT N.R.S. 7.095 IS UPHELD AND WAIVER OF THIS STATUTE IS DISALLOWED, THE FEE AGREEMENT WILL BE AS PRESCRIBED IN N.R.S. 7.095, AS FOLLOWS:**

**1.    40% OF THE FIRST $50,000;**
**2.    1/3 OF THE NEXT $50,000;**
**3.    25% OF THE NEXT $500,000; AND**
**4.    15% OF THE AMOUNT OF RECOVERY THAT EXCEEDS $600,000.**

**THE PERCENTAGES SET FORTH ABOVE AND IN THE FEE AGREEMENT ARE CALCUALTED AFTER DEDUCTION OF COSTS INCURRED IN PROSECUTING THIS CLAIM.**

**IN THE EVENT THAT N.R.S. 7.095 IS UPHELD BY THE COURTS, ATTORNEYS SPECIFICALLY RESERVE THE RIGHT TO WITHDRAW FROM FURTHER REPRESENTATION OF CLIENTS.** [sic]

15. The "ADDENDUM TO MEDICAL MALPRACTICE FEE AGREEMENT" is not signed by either Defendant PLFC or Defendant AWH.

-4-

1      16.    On or about October 8, 2022, Defendant AWH presented a contingency fee contract to Mr. Castillo and Mr. Castillo signed the contract.

    17.    The contingency fee contract presented by Defendant AWH provides, in part, as follows:

> The amount of attorneys' fees for the legal services provided under this Agreement will be:
>
> **40 percent** (%) of the total amount of any monies received by compromise or settlement prior to commencement of a lawsuit, or any appeal to the Nevada Supreme Court, Nevada Court of Appeals, federal appellate court, or any administrative appellate process or similar action seeking to vacate, amend, and/or enforce any administrative or arbitration order or verdict.
>
> **50 percent** (%) of the total amount of any monies received after filing of an appeal to the Nevada Supreme Court, Nevada Court of Appeals. federal appellate court, or any administrative appellate process or similar action.
>
> . . . . .
>
> **Attorneys' fees will be calculated based on the total monies received before costs are deducted.** That is, the costs advanced by the Firm will be paid from the Client's portion of the monies received and will not be deducted from the amount of attorneys' fee.

    18.    It is unknown when, if at all, Defendant AWH signed the contingency fee contract that Mr. Castillo had signed.

    19.    Defendant PLFC and Defendant AWH thereafter purported to act as co-counsel for Mr. Castillo in Case No. A-20-820371-C, which had been commenced on August 28, 2020, in the District Court of Clark County, Nevada, Eighth Judicial District, by Defendant PLFC.

    20.    Case No. A-20-820-371-C was set to begin trial on August 21, 2023, but on or about July 17, 2023, a confidential settlement was reached, and the state court action is now concluded.

    21.    Thereafter, Defendant PLFC and Defendant AWH have presented drafts of disbursement agreements to Mr. Castillo that purport to charge attorney's fees of forty-five percent (45%) of the gross recovery, rather than calculating attorney's fees in the percentages provided in N.R.S. § 7.095 and rather than applying the fee percentages to the net recovery, as provided in N.R.S. § 7.095.

22. Mr. Castillo disputes the attorney's fee and litigation cost calculation provided in the proposed disbursements presented by defendants and believes the fee and cost calculation should be made as provided in N.R.S. § 7.095.

23. The parties have made partial distribution of the gross settlement proceeds to both Mr. Castillo and to the defendants, but there remains a dispute concerning attorney's fees and litigation costs that involves an amount well in excess of the jurisdictional limit in 28 U.S.C. § 1332(a). That amount is believed to remain in the trust account(s) of one or both defendants.

## CLAIM FOR DECLARATORY RELIEF UNDER 28 § U.S.C. 2201, et seq.

24. Mr. Castillo incorporates by this reference all allegations of the preceding paragraphs the same as if set forth herein in full.

25. An actual, live, and present controversy exists between the parties with respect to calculation of the attorney's fees and litigation costs to which defendants are entitled.

26. The calculation of attorney's fees and litigation costs affects the amount of the net recovery that Mr. Castillo is entitled to receive, and the amount remaining in dispute substantially exceeds the jurisdictional limit in 28 U.S.C. § 1332(a).

27. Resolution of this controversy requires a determination and declaration of the rights and legal relations of the parties, specifically, their contractual rights and legal relations in and to attorney's fees and litigation costs as calculated under Nevada statutory law.

28. Mr. Castillo seeks a declaration of his legal rights under the contingency fee contracts described above, as those agreements are affected and limited by Nevada statutory law.

29. Mr. Castillo further seeks relief under 28 U.S.C. § 2202 in the form of a judgment ordering defendants, and each of them, to pay to him the net proceeds of settlement, as that amount is determined by proper application of Nevada statutory law.

WHEREFORE, Mr. Castillo respectfully prays the Court enter its orders:

A. Declaring his rights under the parties' contingency fee contracts as limited and affected by Nevada law;

B. Entering judgment in his favor and against defendants in such amount as Mr. Castillo is entitled under Nevada law; and

      C.     For his attorney's fees and costs of suit; and

      D.     For such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted this 6th day of October, 2023.

                                             /s/ Bradley L. Booke  
                                             Bradley L. Booke #2662  
                                             10161 Park Run Drive #150  
                                             Las Vegas, Nevada 89145  
                                             702-241-1631  
                                             866-297-4863 Fax  
                                             brad.booke@lawbooke.com  
                                             Attorney for Levy Production Group