Sean K. Claggett, Esq.
Nevada Bar No. 8407
Micah S. Echols, Esq.
Nevada Bar No. 8437
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Ste. 100
Las Vegas, Nevada 89107
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sean@claggettlaw.com
micah@claggettlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| JESSE CASTILLO,<br><br>    Plaintiff,<br><br>v.<br><br>THE PATRIOT LAW FIRM CORPORATION, a Nevada corporation; ATKINSON, WATKINS & HOFFMAN, LLP, a Nevada limited liability partnership d/b/a BATTLE BORN INJURY LAWYERS,<br><br>    Defendants. | Case No. 2:23-cv-01619-CDS-DJA<br><br>**DEFENDANTS' MOTION TO DISMISS** |
|---|---|

## I.   INTRODUCTION

In an effort to avoid an impending decision from the state District Judge on Defendants' charging lien for attorney fees and costs in the existing state court case styled as *Jesse Castillo v. Charles Shin Lin, M.D., et al.*, Case No. A-20-820371-C, Plaintiff, Jesse Castillo, filed the instant case, which the Court should now dismiss.

- 1 -

Plaintiff litigated his case in the state District Court for approximately three years. At the conclusion of the state court litigation, the matter was resolved. Plaintiff and his counsel have a disagreement over the charging lien for attorney fees and costs. Defendants filed a Motion to Adjudicate the charging lien on October 12, 2023. The hearing for the motion was scheduled for October 18, 2023, per Nev. Rev. Stat. § 18.015(6). Plaintiff then gave notice in the state District Court of the removal of the Motion to Adjudicate on October 15, 2023. Defendants have concurrently filed a Motion to Remand in the related Case No. 2:23-cv-01673-RFB-EJY.

During this same timeframe, Plaintiff filed a Declaratory Relief action in this case, which seeks to have this Court decide the identical issues that were pending in the state District Court prior to Plaintiff's notice of removal, which generated the companion case in this Court: Case No. 2:23-cv-01673-RFB-EJY. Plaintiff's Complaint was filed on October 6, 2023, despite the existence of a charging lien to be adjudicated in the underlying state court action. In essence, Plaintiff is seeking piecemeal litigation in an effort to circumvent the adjudication of Defendants' charging lien in the state court. Defendants move this Court to dismiss or stay this Declaratory Relief action pursuant to Fed. R. Civ. P. 12(b)(6) to allow their Motion to Adjudicate to go forward in the state District Court following the mandated remand in the companion case in this Court.

For their requested relief, Defendants rely upon the prior exclusive jurisdiction doctrine and abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976).

## II. PROCEDURAL AND FACTUAL BACKGROUND.

On August 28, 2020, Plaintiff filed his complaint in state court alleging claims related to being transported to Sunrise Hospital on September 1, 2019, with suspected cauda equina syndrome.[1] Within this complaint, Plaintiff alleged that he was a resident of Clark County, Nevada. *See* **Exhibit 1**, at 2, ¶ 1.

Within a few days on August 31, 2020, Plaintiff filed a First Amended Complaint.[2] In his First Amended Complaint, Plaintiff now alleged that he was a resident of Mohave County, Arizona. *See* **Exhibit 1**, at 2, ¶ 1.

Following extensive discovery, Plaintiff's attorneys (who are now Defendants in this Declaratory Relief action) moved the state District Court to amend his complaint against Sunrise Hospital and Medical Center, LLC ("Sunrise") to allege a claim for general negligence, which was distinct from the existing claims for professional negligence. The state District Court granted this motion,[3] which resulted in a Third Amended Complaint.[4]

---

[1] A true and correct copy of Plaintiff's Complaint filed in state court Case No. A-20-820371-C is attached as **Exhibit 1**.

[2] A true and correct copy of Plaintiff's First Amended Complaint filed in state court Case No. A-20-820371-C is attached as **Exhibit 2**.

[3] A true and correct copy of the Notice of Entry of Order Granting in Part and Denying in Part Plaintiff's Motion to Amend Complaint filed in state court Case No. A-20-820371-C is attached as **Exhibit 3**.

[4] A true and correct copy of Plaintiff's Third Amended Complaint filed in state court Case No. A-20-820371-C is attached as **Exhibit 4**.

The state court litigation continued for approximately three years, as reflected by the state District Court docket.[5]

Since Defendants were successful in asserting a general negligence claim against Sunrise, Defendants were also successful in obtaining for Plaintiff a settlement that exceeds the damages that would have otherwise been limited under Nev. Rev. Stat. Ch. 41A. *See, e.g.,* Nev. Rev. Stat. § 41A.035 (limiting noneconomic damages to $350,000 per case); Nev. Rev. Stat. § 41A.045 (applying a several liability scheme to claims that constitute professional negligence, as opposed to general negligence).

Despite Defendants' successful settlement, Plaintiff disputed the attorney fees and costs charged by Defendants. Defendants have distributed all undisputed funds to Plaintiff, such that the remaining disputed sums are $159,079.97 in attorney fees and $209,344.85 in costs.[6] The state District Judge was set to hear Defendants' Motion to Adjudicate on October 18, 2023 since Nev. Rev. Stat. § 18.015(6) specifically gives Defendants the right to an adjudication on their lien within 5 days. However, Plaintiff removed the Motion to Adjudicate to this Court, which was docketed as Case No. 2:23-cv-01673-RFB-EJY, and filed the instant Declaratory Relief action.

### III.   LEGAL ARGUMENT

---

[5] A true and correct copy of the state District Court docket, Case No. A-20-820371-C is attached as **Exhibit 5**.

[6] Because of the private financial information, Lien Claimants filed their Motion to Adjudicate under seal, as reflected in the state District Court docket. *See* **Exhibit 5**, at 10/12/2023.

- 4 -

### A. DISMISSAL STANDARDS.

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts treat all factual allegations set forth in the complaint "as true and construed in the light most favorable to plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. *Id.* A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Notably, each of Defendants' exhibits attached to this motion are public records of an underlying judicial proceeding, such that the Court should evaluate this motion to dismiss or stay under Fed. R. Civ. P. 12(b)(6).

### B. PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF PRIOR EXCLUSIVE JURISDICTION AND *COLORADO RIVER* ABSTENTION.

#### 1. The Doctrine of Prior Exclusive Jurisdiction Bars Plaintiff's Complaint.

"[T]he ancient and oft-repeated . . . doctrine of prior exclusive jurisdiction [holds] that when a court of competent jurisdiction has obtained possession, custody, or control of particular property, that possession may not be disturbed by any other court." *State Eng'r v. S. Fork Band of Te-Maok Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) (cleaned up). Said another way, where one court first takes proper in rem jurisdiction over a res, another court "is precluded from exercising its jurisdiction over the same res." *Kline v. Burke*

*Constr. Co.*, 260 U.S. 226, 229, 43 S. Ct. 79 (1922); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466-67, 59 S. Ct. 275 (1939).

### 2. The *Colorado River* Abstention Factors Favor Either Dismissing or Staying this Entire Case.

The "prior exclusive jurisdiction doctrine" requires federal courts to abstain in favor of concurrent state court proceedings. *See Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1253 (9th Cir. 2017) ("The prior exclusive jurisdiction doctrine is a "mandatory jurisdictional limitation" that prohibits federal and state courts from concurrently exercising jurisdiction over the same res."). This doctrine was created based upon the *Colorado River* abstention test first set forth by the U.S. Supreme Court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). Based upon *Colorado River*, the Ninth Circuit articulated six factors to determine whether a federal court must abstain from exercising jurisdiction due to a state court having concurrent jurisdiction. *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992). A court must analyze:

(1) whether either the state or federal court has exercised jurisdiction over a res;

(2) the inconvenience of the federal forum;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which the forums obtained jurisdiction;

(5) whether federal or state law controls the decision on the merits;

(6) whether the state court can adequately protect the rights of the parties;

(7) the desire to avoid forum shopping; and

(8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* (citations omitted); *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79.

"The factors are not a 'mechanical checklist.' [Courts] apply the factors 'in a pragmatic, flexible manner with a view to the realities of the case at hand. The weight to be given to any one factor may vary greatly from case to case.'" *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (citations omitted) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21, 103 S. Ct. 927, 943 (1983)). "Some factors may not apply in some cases," but in other cases, "a single factor may decide whether a stay is permissible." *Id.* (cleaned up).

The Ninth Circuit and the U.S. Supreme Court have determined that where the proceedings in question are in rem or quasi in rem, the fourth factor is dispositive: the forum that first exercises jurisdiction over the property in question has "exclusive jurisdiction to proceed." *40235 Washington St. Corp.*, 976 F.2d at 589. "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011).

An in rem or quasi in rem proceeding is one in which "jurisdiction is based on the court's power over property within its territory." *Shaffer v. Heitner*, 433

U.S. 186, 199, 97 S.Ct. 2569, 2577 (1977). The Ninth Circuit has underscored that this doctrine is, in fact, mandatory in this circuit. *Chapman*, 651 F.3d at 1044. Moreover, in determining whether an action is in rem or quasi in rem versus in personam, courts in this circuit "should not exalt form over necessity" but should "look behind the form of the action to the gravamen of a complaint and the nature of the right sued on." *Id*. "If the action is not strictly in personam . . . then the doctrine ordinarily applies." *Id*. "Accordingly, where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (in rem), or where the parties' interests in the property serve as the basis of the jurisdiction for the parallel proceedings (quasi in rem), then the doctrine of prior exclusive jurisdiction fully applies." *Id*.

An analysis of the *Colorado River* factors weighs heavily in favor of this Court abstaining from exercising jurisdiction to allow the Eighth Judicial District Court of Nevada to adjudicate Defendants' attorney lien pursuant to Nev. Rev. Stat. § 18.015. However, the fact that the state court action that Plaintiff initiated long before he filed the instant Complaint requires that this Court abstain in this case. Pursuant to NRS 18.015, Defendants have a charging lien that attached to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action." Nev. Rev. Stat. § 18.015(4)(a). Moreover, Defendants also have a retaining lien that attached to all property left in possession of the attorney, including, without limitation, the attorney's file. Nev. Rev. Stat. § 18.015(4)(b).

- 8 -

The adjudication of the attorney lien is obviously in rem or quasi in rem because the state court's decision determines the rights of the attorneys (Defendants in the instant case) in the specific property, being the settlement monies recovered, against the world, including Plaintiff.  Importantly, the state District Judge's decision on Defendants' Motion to Adjudicate will resolve all outstanding issues between the Parties to this Declaratory Judgment action.  Any distinction between in rem and quasi in rem is not relevant for purposes of the prior exclusive jurisdiction test, which applies equally to cases of in rem and quasi in rem jurisdiction.  *40235 Washington St. Corp.*, 976 F.2d at 589.  As such, binding federal precedent dictates that this Court must abstain from exercising jurisdiction under the prior exclusive jurisdiction doctrine and either dismiss or stay this case.  *See Colorado River*, 424 U.S. at 820-21; *Moses Cone*, 460 U.S. at 28, 103 S. Ct. at 943 ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.").

Notwithstanding *Colorado River* abstention, this Court must also abstain from exercising jurisdiction pursuant to *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, S.Ct. 1070 (1959).  In *Thibodaux*, the Supreme Court addressed abstention in diversity cases.  Abstention is "appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River*, 424 U.S. at 814 (discussing *Thibodaux*).  In

- 9 -

*Thibodaux*, the city initiated an eminent domain proceeding in state court, and the defendant removed the action to federal court on the basis of diversity jurisdiction. 360 U.S. at 25. On its own motion, the district judge decided to stay the proceedings to allow the state court to interpret the relevant statute to determine whether the city had the authority to take the subject property. *Id.* at 26. The Supreme Court upheld the district judge's decision, recognizing that the "special and peculiar nature" of eminent domain proceedings, particularly in the case at hand, which dealt with the "the nature and extent of delegation . . . of governmental power between the city and state" and was "intimately involved with the sovereign prerogative." *Id.* at 28. Under *Thibodaux*, abstention in diversity cases is permitted where (1) state law is unsettled, and (2) an incorrect federal decision might embarrass or disrupt significant state policies. *Nature Conservancy v. Machipongo Club, Inc.*, 579 F.2d 873, 875 (4th Cir. 1978).

Here, the Court has diversity jurisdiction. Additionally, the state District Court was presented with unsettled questions of state law. Nev. Rev. Stat. § 7.095 provides a limitation on contingency fees in certain actions against providers of healthcare. This matter has never been interpreted by the Nevada Supreme Court or the Nevada Court of Appeals. The issues regarding the interpretation of this statute are immeasurable. There have been several district courts in the State of Nevada that have agreed with the interpretation that this statute is waivable by litigants. Moreover, there have been interpretations that when you have a mixed general negligence and professional negligence claim, that the statute is inapplicable. There have been interpretations of which

- 10 -

"providers of healthcare" are included within the statute and which are excluded. In other words, if this Court were to retain this Declaratory Relief action, it would necessarily have to refer the case to the Nevada Supreme Court pursuant to Nev. R. App. Pro. 5 to resolve the first impression issue of Nevada law. Such procedures would create piecemeal litigation, when this Court should avoid such unnecessary and prolonged procedures. Plaintiff's filing of this lawsuit in this Court after prolonged litigation in the state District Court demonstrates forum shopping. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (finding forum shopping where, after three-and-a-half years of litigation in a case that was progressing to its detriment, one party sought a "new forum for [its] claims"); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) (finding forum shopping where, after two-and-a-half years, a party "abandon[ed] its state court case solely because it believe[d] that the Federal Rules of Evidence [we]re more favorable to it than the state evidentiary rules").

Moreover, the interpretation of this statute may have a chilling effect on whether attorneys will represent individuals, such as Plaintiff, with a contingency fee contract in professional negligence / medical malpractice cases. In *O'Connell v. Wynn Las Vegas LLC*, 429 P.3d 664, 670 (Nev. Ct. App. 2018), "[a]ttorney fees can be awarded when they are based upon contingency fee agreements." *Id.* at 666. Thus, the Nevada Court of Appeals has authorized contingency-based attorney's fees awards. In doing so, the Nevada Court of Appeals explained why contingency fees are important. The *O'Connell* Court explained that contingency fee agreements level the playing field for those, like

Plaintiff, who "cannot afford an attorney who bills at an hourly rate to secure legal representation." *Id.* at 671 (citing *King*, 851 N.E.2d at 1191 ("Contingent fee agreements between attorneys and their clients . . . generally allow a client without financial means to obtain legal access to the civil justice system.")). Without a doubt, Plaintiff would have had difficulty obtaining counsel to pursue his action absent a contingency relationship. Thus, an incorrect interpretation could have a severe chilling effect on the extent that injured parties, like Plaintiff, would be able to obtain representation in their claims. It is certain that Plaintiff's rights will be adequately protected in the state District Court. Therefore, the Court should conclude that the six abstention factors favor Defendants' requested relief of either dismissing Plaintiff's Complaint or staying this case.

## IV. CONCLUSION

In summary, this Court should grant Defendants' motion to dismiss and either dismiss or stay this case by abstaining from jurisdiction and, therefore, allowing the adjudication of Defendants' attorney lien to move forward in the Eighth Judicial District Court.

Dated this 3rd day of November 2023.

CLAGGETT & SYKES LAW FIRM

/s/ Micah S. Echols

Sean K. Claggett, Esq.
Nevada Bar No. 8407
Micah S. Echols, Esq.
Nevada Bar No. 8437
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2023, I personally served a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** by the following means:

☒ CM/ECF

☐ U.S. Mail

☐ Hand-Delivery (including handing it to recipients or delivering it to the person's office or usual place of abode and leaving it with someone of suitable age and discretion who resided there)

☐ Delivery Service (e.g., FedEx, UPS)

☐ Other means (if the other party has consented in writing to service by such means)

LAW OFFICE OF BRADLEY L. BOOKE  
Bradley L. Booke, Esq.  
brad.booke@lawbooke.com  
10161 Park Run Drive, #150, Las Vegas, Nevada 89145  
(702) 241-1631 – Telephone  
*Attorneys for Plaintiff, Jesse Castillo*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Anna Gresl
_____
Anna Gresl, an employee of
CLAGGETT & SYKES LAW FIRM

- 13 -

## INDEX TO EXHIBITS

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Complaint filed in *Castillo v. Razmig Kratlian, M.D.*, Case No. A-20-820371-C (Nev. Dist. Ct.) (Aug 28, 2020) | 1-24 |
| 2 | First Amended Complaint filed in *Castillo v. Razmig Kratlian, M.D.*, Case No. A-20-820371-C (Nev. Dist. Ct.) (Aug. 31, 2020) | 1-24 |
| 3 | Notice of Entry of Order Granting in Part and Denying in Part Plaintiff's Motion to Amend Complaint filed in *Castillo v. Razmig Kratlian, M.D.*, Case No. A-20-820371-C (Nev. Dist. Ct.) (June 15, 2022) | 1-12 |
| 4 | Third Amended Complaint filed in *Castillo v. Razmig Kratlian, M.D.*, Case No. A-20-820371-C (Nev. Dist. Ct.) (July 12, 2022) | 1-24 |
| 5 | Civil Docket Case No. A-20-820371-C, *Castillo v. Razmig Kratlian, M.D.* (Nev. Dist. Ct.) | 1-13 |