UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Castillo, <br><br> Plaintiff <br><br> v. <br><br> The Patriot Law Firm Corporation, and Atkinson, Watkins & Hoffman, LLP, <br><br> Defendants | Case No.: 2:23-cv-01619-CDS-DJA <br><br> **Order Transferring Cases to Single District Judge and Magistrate Judge and Denying Motion to Consolidate Cases** <br><br> [ECF No. 9] |
| Atkinson, Watkins & Hoffman, and Patriot Law Firm Corporation, <br><br> Plaintiffs / Lien Claimants <br><br> v. <br><br> Jesse Castillo, <br><br> Defendant / Lien Respondent | Case No.: 2:23-cv-01673-RFB-EJY <br><br> **Order Granting Motion to Remand and Granting a Full Award of Attorney Fees and Costs, Denying Motion to Consolidate Cases as Moot, and Denying Motion for Extension of Time to Reply as Moot** <br><br> [ECF Nos. 2, 7, 10] |

The Patriot Law Firm Corporation and Atkinson, Watkins & Hoffman, LLP represented Jesse Castillo in an underlying three-year long matter litigated in state court, which resulted in settlement. *See* State Court Docket, Defs.' Ex. 5, ECF No. 14-5; ECF No. 14 at 2. Subsequently, plaintiff and defendants had a disagreement over attorneys' fees and costs and defendants filed a motion to adjudicate the charging lien. ECF No. 14 at 2. The hearing for the motion was scheduled for October 18, 2023. *See id.* However, the hearing was not held because the plaintiff removed the matter to federal court on October 15, 2023. *Id.*; *see* plaintiff's Petition for Removal, 2:23-cv-01673-RFB-EJY, ECF No. 1.

During this time, despite the existence of the removed state court matter, plaintiff filed a complaint with similar claims in the instant matter. *See* Compl., ECF No. 1. Plaintiff then moved to consolidate the instant matter (2:23-cv-01619-CDS-DJA) and the removed action (2:23-cv-01673-RFB-EJY; hereinafter "the removal action"). ECF No. 9. Defendants filed a motion to dismiss in the instant matter (ECF No. 14), and a motion to remand in the removal action (2:23-cv-01673-RFB-EJY, ECF No. 7).

I.  Discussion

    A.  **Case No. 2:23-cv-01673-RFB-EJY is transferred and reassigned to District Judge Cristina D. Silva and Magistrate Judge Elayna Youchah for all further proceedings**.

District courts have inherent powers to control and manage their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted). Pursuant to Local Rule 42-1(a), cases that involve similar parties, related questions of fact, and the same questions of law may be reassigned to the same district and magistrate judge if the reassignment is likely to effect a substantial saving of judicial effort. Accordingly, the court transfers and reassigns the removed action (Case No. 2:23-cv-01673-RFB-EJY) to this court for all further proceedings.

    B.  **The motion to remand (2:23-cv-01673, ECF No. 7) is granted.**

The law is clear—the right to remove is limited to the defendant. 28 U.S.C. § 1446(b)(1). Indeed, a "plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988). Here, Castillo, as the plaintiff in the state court action, improperly removed the case to federal court. *See* Petition for Removal by Castillo, 2:23-cv-01673-RFB-EJY, ECF No. 1. As such, I remand the case.

    C.  **Defendants' request for attorneys' fees and costs is granted in full.**

Defendants request a full award of attorneys' fees and costs associated with remand. *See* ECF No. 7 at 8. Under 28 U.S.C. § 1447(c), a removal order may award "payment of just costs

and any actual expenses, including attorney fees" that a party incurred as a result of an improper removal. Courts have "a great deal of discretion and flexibility" to issue attorney fees under 28 U.S.C. § 1447. *Sokola v. Weinstein*, 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138–39 (2005)). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 (internal citations omitted).

Coupled with the fact that Castillo's removal was improper, Castillo's removal delayed a previously scheduled state court hearing and has forced an unnecessary expenditure of resources from defendants. *See* ECF No. 7 at 9. As such, the court grants defendants' request for a full award of attorneys' fees and costs associated with remand. The defendants must provide the court with a proposed order setting forth the fees and costs within 14 days of this order. The proposed order must be filed on CM/ECF.

### D. Motion to consolidate (ECF No. 9; 2:23-cv-01673, ECF No. 2) is denied as moot.

Castillo moves to consolidate the above-styled actions, contending that both cases present identical questions of fact and law. Mot. to Consolidate, ECF No. 9 at 1. This motion to consolidate overlooked an essential prerequisite to this court's authority to consolidate— jurisdiction over both suits. *See U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("The [] court therefore did not acquire jurisdiction over the improperly removed [] case by consolidating it with the related and properly filed [] case."). Improper removal deprives this court jurisdiction over the removal action. Because the removed matter is remanded to state court, the actions cannot be consolidated and the motion to consolidate is denied as moot.

## II.  Conclusion

The Clerk of Court is THEREFORE ORDERED to TRANSFER and REASSIGN: Case No. 2:23-cv-01673-RFB-EJY to District Judge Cristina D. Silva and Magistrate Judge Elayna Youchah for all further proceedings.

IT IS FURTHER ORDERED that the motion to remand [2:23-cv-01673, ECF No. 7] is **GRANTED.** The Clerk of Court is kindly instructed to **REMAND** this matter back to the Eighth Judicial District Court for the State of Nevada, Case No. A-20-820371-C, Department IX. Defendants' request for a full award of attorneys' fees and costs associated with remand is **GRANTED**. The defendants must provide the court with a proposed order setting forth the fees and costs within 14 days of this order.

IT IS FURTHER ORDERED that the motion to consolidate **[ECF No. 9; 2:23-cv-01673, ECF No. 2] is DENIED as moot**.

IT IS FURTHER ORDERED that defendants' motion for extension of time to reply in support of motion to remand **[2:23-cv-01673, ECF No. 10] is DENIED as moot**.

DATED: November 21, 2023

_____
Cristina D. Silva
United States District Judge