UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Castillo, | Case No.: 2:23-cv-01619-CDS-DJA |
| Plaintiff | Order Denying Plaintiff's Motion for Reconsideration and Denying Defendants' Motion to Dismiss |
| v. | |
| The Patriot Law Firm Corporation, and Atkinson, Watkins & Hoffman, LLP, | [ECF Nos. 14, 19] |
| Defendants | |

This is an attorneys' fees suit. In denying plaintiff Jesse Castillo's motion to consolidate this matter with Case No.: 2:23-cv-01673-CDS-DJA (ECF No. 9), I sua sponte transferred and reassigned it to me, then remanded it to the Eighth Judicial District Court in Clark County, Nevada. ECF No. 17. Castillo filed a Rule 60(b) motion for reconsideration of my remand order. ECF No. 19. Defendants The Patriot Law Firm Corporation and Atkinson, Watkins & Hoffman, LLP oppose the motion. ECF No. 21. Also pending in this matter is defendants' motion to dismiss (ECF No. 14), which Castillo opposes (ECF No. 15). Both motions are fully briefed. For the reasons set forth herein, I deny the motion for reconsideration and deny defendants' motion to dismiss.

I. **Defendants' Motion to Dismiss (ECF No. 14).**

Defendants move this court to stay or dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) to allow their motion to adjudicate to go forward in the state court action. ECF Nos. 14, 20. Defendants rely upon the prior exclusive jurisdiction doctrine and abstention under *Colorado River*. *See id.*; *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817). Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (internal quotation marks and alteration omitted).

In this circuit, courts consider eight factors in deciding whether to stay or dismiss under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). These factors are not a "mechanical check list." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). Rather, courts apply the factors "in a pragmatic, flexible manner with a view to the realities of the case at hand. The weight to be given to any one factor may vary greatly from case to case.'" *State Water Res. Control Bd.*, 988 F.3d at 1203 (citations omitted) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16, 21). "Some factors may not apply in some cases," but in other cases, "a single factor may decide whether a stay is permissible." *Id.* (cleaned up).

Here, the first factor is dispositive because the property at stake is a charging lien between the parties. In Nevada, courts have "*in rem* jurisdiction to resolve a fee dispute between an attorney and client, which arises from a charging lien, because the attorney's fee 'is recovered

on account of the suit or other action.'" *See Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 783 (Nev. 2009) (quoting NRS 18.015(3)) (citations omitted) (overruled on other grounds). And the Eighth Judicial District Court, as the court with jurisdiction over the underlying medical malpractice action for which the attorneys' lien was charged, first obtained jurisdiction over the charging lien. *See, e.g., Earl v. Las Vegas Auto Parts, Inc.*, 73 Nev. 58, 63 (1957) (finding that the underlying action was a proper vehicle for establishment and enforcement of an attorney's charging lien: "[w]e conclude that the court in the principal action had jurisdiction over the subject matter of the charging lien for services performed in connection with such action."). Accordingly, I deny defendants' motion to dismiss without prejudice, but grant the alternative relief, and stay this action.

II.     **Plaintiff's motion for reconsideration (ECF No. 19).**

The district court generally may not review or reconsider remands for lack of subject matter jurisdiction. *See Seedman v. U.S. Dist. Ct. for Cent. Dist. California*, 837 F2d. 413, 414 (9th Cir. 1988); *Thermatron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346–48 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). The Ninth Circuit has determined that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman*, 837 F.2d at 414. That is because 28 U.S.C. § 1447(d) provides that an order remanding a case to state court is generally not reviewable on appeal. As a result, when a remand order is issued by a district court, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c). Thus, I lack jurisdiction to consider plaintiff's motion for reconsideration (ECF No. 19).

III.    **Conclusion**

IT IS THEREFORE ORDERED that this case is STAYED. Once the state court proceedings have concluded, any party may move to lift this stay.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 14] is DENIED without prejudice**. The parties may refile within 20 days of the order lifting the stay.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration [ECF No. 19] is **DENIED.**

The Clerk of Court is kindly directed to administratively close this case.

DATED: December 22, 2023

_____
Cristina D. Silva
United States District Judge