UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Castillo, | Case No.: 2:23-cv-01619-CDS-DJA |
| Plaintiff | **Order Denying Plaintiff's Motion for Reconsideration and Relief from Dispositive Order, and Order Requiring the Parties to Show Cause as to Why the Stay in this Case Should Not Be Lifted** |
| v. | |
| The Patriot Law Firm Corporation, et al., | |
| Defendants | [ECF No. 24] |

This suit involved a dispute over attorneys' fees. In December of last year, I stayed this action to allow resolution of a related action in the Eighth Judicial District Court (EJDC),[1] which had jurisdiction over the underlying medical malpractice action that gave rise to this action. Order, ECF No. 23. In the same order, I denied Castillo's motion to reconsider my denial of his request to consolidate case 2:23-cv-01673-CDS-EJY into the instant case. *Id.* at 3.

Castillo now moves for reconsideration[2] of that order, arguing in part[3] that the attorney's fees were still the subject of the action pending in the EJDC case and that no decision had yet been rendered, thus making reconsideration appropriate. *See generally* ECF No. 24. Based on publicly available information,[4] it appears a decision has now been rendered. However, the court cannot see the decision because it remains under seal. *See* Docket No. 260, Eighth Judicial District Court, A-20-820371-C.

More importantly, Castillo has seemingly confused the procedural posture of this case. This action is stayed (*see* ECF No. 23) and attorney's fees have not been addressed in this action.

---

[1] The underlying case is A-20-820371-C.
[2] Defendants filed on opposition on March 25, 2024. ECF No. 25. Castillo did not file a reply.
[3] Castillo's motion also references case number A-22-820371-C, which he represents is also pending in the EJDC. ECF No. 24 at 2. Castillo fails to provide any additional information about that case and how it has any impact on this case, or this court's decision to stay the matter. Instead, he broadly states that case involves newly discovered evidence under Rule 60(b)(2), and if the court enters judgment in his favor there would be a change of intervening state law. Without more, this information provided in a vacuum cannot form the basis for relief. Thus, I decline to consider that argument.
[4] https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last accessed on April 2, 2024).

Rather, attorney's fees were addressed and granted in case number 2:23-cv-01673-CDS-EJY. In fact, Castillo's own motion cites the ECF docket entries in the 1673 case. *See* ECF No. 24 at 1 (citing 2:23-cv-01673-CDS-EJY at ECF Nos. 17 (order granting fees) and 18 (judgment)).[5] There is simply no attorney's fees order and judgment for this court to reconsider in this case, so Castillo's motion is denied.

However, because Judge Gall has now entered a decision in A-20-820371-C, the parties are ordered to show cause why the stay I previously entered in this action should not be lifted. If the parties agree the stay should be lifted, they may file a stipulation in lieu of a response to this show cause order.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Castillo's motion for reconsideration **[ECF No. 24] is DENIED.**

IT IS FURTHER ORDERED that the parties must show cause, by April 17, 2024, as to why the stay in this case should not be lifted.

Dated: April 3, 2024

_____
Cristina D. Silva
United States District Judge

---

[5] In comparison, ECF Nos. 17 and 18 in this case are the order denying as moot the motion to consolidate cases and the order granting an unopposed motion for an extension of time. ECF Nos. 17; 18.

2